# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**EDWIN TYRONE COLEMAN**                                            **PLAINTIFF**

v.                                           CIVIL ACTION NO. 1:17-cv-186-HSO-JCG

**WESLEY BUNCH, et al.**                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 26) filed by Defendants Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cueves. Wesley Bunch joined in the Motion. (ECF No. 29). To date, Plaintiff Edwin Tyrone Coleman has not filed a response to Defendants' Motion. However, the Court cannot solicit a response from Plaintiff because Plaintiff has failed to keep the Court apprised of his current address. Accordingly, the Court proceeds without the benefit of a response from Plaintiff. Having reviewed the record, Defendants' Motion, and relevant law, the undersigned recommends that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 26) be GRANTED and Plaintiff's claims be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, Plaintiff should be given a strike pursuant to 28 U.S.C. § 1915(g) because he has failed to state a claim for which relief may be granted.

I. BACKGROUND

A. Procedural History

Plaintiff Edwin Tyrone Coleman was a pre-trial detainee at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi when he filed his Complaint (ECF No. 1) on June 28, 2017. He was subsequently transferred to Southern Mississippi Correctional Institution, and appears to have been since released from the custody of the Mississippi Department of Corrections ("MDOC"). After being arrested for and charged with simple assault of a police officer, he pleaded guilty to – and was thus convicted of – resisting arrest. *See* (ECF No. 26-3). Proceeding *pro se* and *in forma pauperis*, Mr. Coleman alleges that Defendants violated his Fourth and Fourteenth Amendment rights by using excessive force while arresting him on June 5, 2016. He maintains that he was arrested and criminally charged "to justify and cover up what was inflicted upon [him] by [Defendants]" and seeks $2,700,000.00 in compensatory and punitive damages under 42 U.S.C. § 1983. (ECF No. 1, at 4-8).

On October 30, 2017, Defendants filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 26) with an accompanying Memorandum in Support (ECF No. 27). Plaintiff has not filed a response to Defendants' Motion, and the Court is unable to solicit a response from Plaintiff because he has failed to keep the Court apprised of his current address. The most recent filing sent to Plaintiff's address of record was returned as undeliverable, *see* (ECF No. 31), and the Court's own search of MDOC inmate records indicates that

Plaintiff is no longer in MDOC custody. *See Inmate Search Results*, Miss. Dep't of Corrections, https://www.ms.gov/mdoc/inmate (last visited Apr. 17, 2018). Accordingly, the Court proceeds without the benefit of a response from Plaintiff.

B. Plaintiff's Factual Allegations

As alleged by Plaintiff, he went to pick up his girlfriend from the Chili's Restaurant where she worked on June 5, 2016. Plaintiff had previously been employed at the same Chili's but was fired. When he arrived at Chili's, he was told that he was trespassing and was instructed to vacate the premises. Defendant Officer Wesley Bunch of the Gulfport, Mississippi Police Department arrived on the scene shortly thereafter. Plaintiff assumes that a Chili's employee called the Gulfport Police about his presence.

Bunch drew his firearm, pointed it at Plaintiff, and told him to stand still while radioing for other units to assist. Bunch then holstered his weapon, took out OC spray, and proceeded to spray it in Plaintiff's face. He grabbed Plaintiff and wrestled Plaintiff to the ground. Plaintiff says he pulled Bunch to the ground with him by grabbing Bunch in the back of the neck in order "to keep from being seriously hurt from the pavement." (ECF No. 1, at 5). Bunch broke Plaintiff's hold and "continued to fight" by punching Plaintiff and pressing his thumb into Plaintiff's eye. *Id.* This continued until backup units arrived.

Officers Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cueves – who are also defendants in this suit – exited their vehicles and joined the melee. Clifton kneed Plaintiff in the head, Schultz kneed Plaintiff in the

3

left side of his torso three times, Smith discharged his taser into Plaintiff, and Champagne grabbed Plaintiff's legs. Clifton then took Schultz's taser and discharged it into Plaintiff's neck and back. Finally, Cueves handcuffed Plaintiff and placed him in a patrol car. Plaintiff was taken to the Harrison County Jail and charged with simple assault of a police officer. He maintains that he was criminally charged "to justify and cover up what was inflicted upon [him] by [Defendants]." *Id.* at 5.

Plaintiff asserts the following instances of excessive force: Bunch used excessive force when he sprayed Plaintiff with OC spray in the face and pressed his thumbs into Plaintiff's eyes; Clifton used excessive force by kneeing him in the head while he was being restrained; Schultz used excessive force by kneeing him in the side three times after he was already restrained; Smith used excessive force by tasing Plaintiff while he was being restrained; Champagne used excessive force by holding Plaintiff's legs while he was being tased by another defendant; and Cueves used excessive force by handcuffing Plaintiff after he was restrained. *Id.* at 4, 7).

## II. DISCUSSION

Defendants Motion (ECF No. 26) argues that Plaintiff's Complaint should be dismissed because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Although the Motion suggests that it could be treated as either a motion to dismiss or a motion for summary judgment, Defendants submit no record evidence in support of a summary judgment decision. The Court therefore will treat Defendants' Motion solely as a motion to dismiss for failure to state a claim for which relief can

4

be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the undersigned recommends that Defendants' Motion be granted.

A. Motion to Dismiss Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Furthermore, claims and supporting factual allegations must be raised in a complaint; it is not enough to present supporting factual allegations in a response to a motion to dismiss. *See Cevallos v. Silva*, 541 F. App'x 390, 393-94 (5th Cir. 2013) ("Even if [plaintiff's] Response stated a claim for relief cognizable under *Twombly,* the *complaint* must contain either direct allegations on every material point

necessary to sustain recovery or contain allegations from which an inference may be fairly drawn that evidence will be introduced at trial.") (emphasis in original); *see also Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion…is not properly before the court.").

    B. <u>Prison Litigation Reform Act</u>

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the prisoner may be assessed a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may

no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury. *Id.*

C. <u>Analysis</u>

The United States Supreme Court held in *Heck* that a claim for monetary damages that essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983. The *Heck* doctrine provides:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87. The United States Court of Appeals for the Fifth Circuit has recognized that "the *Heck* doctrine emanates from the 'policy of finality that prevents the collateral attack of a criminal conviction once that matter has been litigated.'" *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008).

Defendants argue that *Heck* bars Coleman's § 1983 claims and, therefore, mandates dismissal of his Complaint. (ECF No. 27, at 2-5). Under *Heck*, the Court

must determine whether judgment in Coleman's favor would necessarily imply the invalidity of his conviction for resisting arrest. *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). This requirement is known as the "favorable termination rule." *Id.*

Coleman seeks damages for injuries he sustained amidst his arrest for simple assault of a police officer. He contends that each Defendant injured him by use of excessive force. The *Heck* principle applies to § 1983 excessive force claims, but "the determination of whether such claims are barred is analytical and fact-intensive, requiring [the Court to] focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

Coleman pleaded guilty to a charge of resisting arrest related to the incident in the Chili's parking lot on June 5, 2016. He does not allege that he has appealed or sought to overturn his conviction, and Defendants assert that his conviction "has not been reversed, expunged, or invalidated." (ECF No. 27, at 2). Defendants argue that Coleman's success on his excessive force claim would negate his conviction for resisting arrest. Coleman pled guilty to a violation of section 97-9-73 of the Mississippi Code Annotated, which makes it unlawful "for any person to obstruct or resist by force, or violence, or threats, or in any other manner, his lawful arrest ... by any ... law enforcement officer, and any person ... so doing shall be guilty of a misdemeanor[.]" Miss. Code Ann. § 97-9-73.

Defendants articulate two arguments in support of their position. First, they submit that "several decisions by the Fifth Circuit indicate that *Heck's* favorable termination rule generally bars excessive force claims where the plaintiff has been convicted of resisting arrest." (ECF No. 27, at 5). Defendants do not elaborate upon this point, other than to cite to *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000), *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999), and *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). These cases, however, deal with plaintiffs who had been convicted of assault or battery of an officer – not resisting arrest – and, given the fact-intensive nature of the required analysis, do not stand for the broad legal proposition put forth by Defendants. Each of these Fifth Circuit opinions turns on the nature of the crime of conviction, none of which are applicable to the instant circumstances. *See Hainze*, 207 F.3d at 798-99 ("In the case at bar, the jury found Hainze guilty of aggravated assault with a deadly weapon. Thus, as in *Sappington*, the force used by the deputies to restrain Hainze, up to and including deadly force, cannot be deemed excessive."); *Sappington*, 195 F.3d at 237 ("Sappington's criminal conviction [for aggravated assault] required proof that he caused serious bodily injury to Garcia. Garcia was justified in using force up to and including deadly force to resist the assault and effect an arrest. As a matter of law, therefore, the force allegedly used by Garcia cannot be deemed excessive."); *Hudson*, 98 F.3d at 873 ("Because self-defense is a justification defense to the crime of battery of an officer, Hudson's claim that Officers Defillo, Hingle, and Lanasa used excessive force while

9

apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer.").

Second, Defendants argue that because "Plaintiff … contends he did nothing wrong or illegal[, h]is resistance … is not temporally distinct from his excessive force claim." (ECF No. 27, at 5). Defendants seem to have conflated two separate issues here: 1) whether Coleman insists on his innocence of the crime of which he was convicted and 2) whether the factual basis for Coleman's conviction was temporally and conceptually distinct from the basis for his excessive force claim. The Court will address each issue in turn.

"[A] plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006); *see DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("DeLeon still thinks he's innocent. His federal complaint contradicts his confession in Texas court, belying any suggestion on appeal that he has accepted his 'conviction' for aggravated assault, and challenges only the shooting…. We conclude that DeLeon's excessive force claims are inseparable from the rest.").

Although Coleman acknowledges that he grabbed Bunch and pulled him to the ground, he ultimately maintains that he was arrested and charged with simple assault on a police officer "to justify and cover up what was inflicted upon [him] by [Defendants]." (ECF No. 1, at 5). Viewing this statement in the context of the entire

10

Complaint – which does not concede that Coleman resisted arrest – the Court understands Coleman's argument to be that his arrest was unlawful. However, a conviction for resisting arrest presupposes a lawful arrest. "If the version of events set forth in [Coleman's] complaint were proved correct, his conviction of resisting arrest cannot stand." *Daigre v. City of Waveland*, No. 1:10-cv-568-LG-RHW, 2012 WL 12885098, at *8 (S.D. Miss. Sept. 25, 2012), *aff'd* 549 F. App'x 283 (5th Cir. 2013). Coleman's excessive-force claim is barred because "[h]e still thinks he's innocent." *DeLeon*, 488 F.3d at 657. His "broad claims of innocence relate to the entire arrest encounter, and not merely a discrete part of it. The result is dismissal under *Heck*." *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 287 (5th Cir. 2013) (citations omitted).

Coleman's claims are also *Heck*-barred because he does not allege his resistance to be temporally distinct from the factual underpinnings of his excessive force claim. The Fifth Circuit has explained that

> a § 1983 claims would not necessarily imply the invalidity of a resisting arrest conviction … if the factual basis for the conviction is *temporally and conceptually* distinct from the excessive force claim. Accordingly, a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance.

*Bush*, 513 F.3d at 498 (discussing *Ballard*, 444 F.3d 391). By Coleman's own account of the facts, his claims all arise out of a single incident of limited duration before he was handcuffed and placed in a patrol car. *See* (ECF No. 1, at 5). Coleman describes a tussel in which he fell to the ground while grappling with Defendant

Bunch and in which the other Defendants immediately intervened. "He makes no allegation that any force was used on [him] after [he] was subdued and handcuffed. It was only during the act of subduing [him], while [he] was resisting, that the injury occurred." *Daigre*, 2012 WL 12885098, at *8; *but see Bush*, 513 F.3d at 500 ("Because Bush has produced evidence that the alleged excessive force occurred after she stopped resisting arrest, and the fact findings essential to her criminal conviction are not inherently at odds with this claim, a favorable verdict on her excessive force claims will not undermine her criminal conviction."). Coleman's excessive force claims are therefore also *Heck*-barred because the factual basis for these claims is not temporally distinct from his resistance to arrest.

### III. RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 26) filed by Defendants Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cueves, and joined by Defendant Wesley Bunch – which the undersigned construes as a motion to dismiss – be GRANTED and Plaintiff Edwin Tyrone Coleman's claims be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, Plaintiff should be given a strike pursuant to 28 U.S.C. § 1915(g) because he has failed to state a claim for which relief may be granted.

### IV. NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve

12

and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 18th day of April, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE