IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDWIN TYRONE COLEMAN**                                              **PLAINTIFF**

v.                                                    CIVIL NO. 1:17cv186-HSO-JCG

**WESLEY BUNCH, ET AL.**                                             **DEFENDANTS**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [32], GRANTING DEFENDANTS' MOTION [26] TO DISMISS, AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [32] of United States Magistrate Judge John C. Gargiulo, entered on April 18, 2018, recommending that Defendants Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cuevas' Motion [26] to Dismiss, in which Defendant Wesley Bunch joined, Joinder [29], be granted, that pro se Plaintiff Edwin Tyrone Coleman's Complaint [1] dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Plaintiff be given a strike pursuant to 28 U.S.C. § 1915(g) for failure to state a claim upon which relief may be granted.  Plaintiff has not filed an objection and the time for doing so has passed.

After due consideration of the Report and Recommendation [32], the Motion [26], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, that Defendants' Motion to Dismiss and Joinder should be granted, that Plaintiff's claims should be dismissed with prejudice, and that Plaintiff should be assessed a strike.

I. BACKGROUND

On June 28, 2017, Plaintiff Edwin Tyrone Coleman ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed a 42 U.S.C. § 1983 Complaint [1] asserting claims against Defendants Wesley Bunch, Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cuevas ("Defendants") for violating his Fourth and Fourteenth Amendment rights due to their use of excessive force while arresting him on June 5, 2016. Compl. [1] at 1-10. Defendants Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cuevas' Motion to Dismiss [26], filed October 30, 2017, and Defendant Wesley Bunch's Joinder [29], filed November 22, 2017, seek dismissal of Plaintiff's Complaint on grounds that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

On April 18, 2018, the Magistrate Judge entered a Report and Recommendation [32], recommending that

> the Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 26) filed by Defendants Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cueves, and joined by Defendant Wesley Bunch – which the undersigned construes as a motion to dismiss – be GRANTED and Plaintiff Edwin Tyrone Coleman's claims be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, Plaintiff should be given a strike pursuant to 28 U.S.C. § 1915(g) because he has failed to state a claim for which relief may be granted.

R&R [32] at 12.

A copy of the Report and Recommendation and Notice of Electronic Filing were mailed to Plaintiff at his address of record via the United States Postal Service

on April 18, 2018, but were returned to the Clerk of Court on April 26, 2018, as undeliverable because Plaintiff was "NO LONGER AT THIS INSTITUTION." *See* Correspondence [33] at 1-15. The Report and Recommendation reflects that previously, on December 22, 2017, other correspondence [31] addressed to Plaintiff had been returned as undeliverable, and that "the Court's own search of MDOC inmate records indicates that Plaintiff is no longer in MDOC custody. *See Inmate Search Results*, Miss. Dep't of Corrections, https://www.ms.gov/mdoc/inmate (last visited Apr. 17, 2018)." R&R [32] at 2-3. Plaintiff has not notified the Court of his current address.

Plaintiff has not objected to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of

3

discretion or contrary to law. For the reasons stated by the Magistrate Judge, the Report and Recommendation will be adopted as the order of this Court, Defendants Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cueves' Motion [26]to Dismiss or, in the Alternative, for Summary Judgment, and Defendant Wesley Bunch's Joinder [29] therein, will be granted, and Plaintiff Edwin Tyrone Coleman's Complaint [1] will be dismissed with prejudice on grounds that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, Plaintiff will be assessed a strike pursuant to 28 U.S.C. § 1915(g) because he failed to state a claim for which relief may be granted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [32] of United States Magistrate Judge John C. Gargiulo, entered on April 18, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Justin Clifton, Dean Schultz, Kurwin Smith, Marlin Champagne, and Jason Cueves' Motion [26] to Dismiss or, in the Alternative, for Summary Judgment, and Defendant Wesley Bunch's Joinder [29] therein, are **GRANTED**, and Plaintiff Edwin Tyrone Coleman's claims are **DISMISSED WITH PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this Civil Action is **DISMISSED WITH PREJUDICE** and Plaintiff is assessed a **STRIKE** pursuant to 28 U.S.C. § 1915(g) because he failed to state a claim for which relief may be

granted. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 15th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE